# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

EVERETT JOHNSON,

:

    Petitioner,                                    Case No. 3:10-cv-390

:              District Judge Walter Herbert Rice

  -vs-                                                Magistrate Judge Michael R. Merz

TIMOTHY BRUNSMAN, Warden,

:

    Respondent.

---

**DECISION AND ORDER FINDING MOTION TO DISMISS MOOT AND HOLDING CASE IN ABEYANCE PENDING EXHAUSTION OF STATE COURT REMEDIES**

---

This habeas corpus case is before the Court on Respondent's Motion to Dismiss for failure of Petitioner to exhaust his available state court remedy of delayed appeal to the Ohio Supreme Court from the Ohio Court of Appeals on his Sixth Ground for Relief (Doc. No. 7). Petitioner opposes the Motion (Doc. No. 9).

A state prisoner seeking federal habeas corpus relief must first exhaust the remedies available to him in the state courts. 28 U.S.C. §2254(b) and (c); *Picard v. Connor*, 404 U.S. 270 (1971). In Ohio, this includes direct and delayed appeal to the Ohio Court of Appeals and the Ohio Supreme Court. *Mackey v. Koloski,* 413 F.2d 1019 (6th Cir. 1969); *Allen v. Perini,* 424 F.2d 134, 140 (6th Cir. 1970). In the absence of exceptional or unusual circumstances, principles of comity and federalism require that unexhausted claims be decided in the first instance by the state courts even if the State does not raise the defense. *O'Guinn v. Dutton*, 88 F.3d 1409 (6th Cir. 1996)(per curiam)(en banc).

The United States Supreme Court has decided that district courts have authority to grant stays in habeas corpus cases to permit exhaustion of state court remedies in consideration of the AEDPA's preference for state court initial resolution of claims. It cautioned, however,

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). . . .
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Rhines v. Weber*, 544 U.S. 269, 277-278 (2005). It also directed district courts to place reasonable time limits on the petitioner's trip to state court and back. The Court thus endorsed the approach this Court had been following under *Palmer v. Carlton*, 276 F. 3rd 377 (6th Cir. 2002), and *Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002). When faced with a mixed petition, the district court has four options: (1) stay the entire petition; (2) dismiss the entire petition without prejudice; (3) deny the entire petition on the merits; or (4) dismiss the unexhausted claims and proceed with the exhausted ones. *Swanson v. DeSantis,* 606 F.3d 829 (6th Cir. 2010), *citing Harris v. Lafler*, 553 F.3d 1028, 1031-32 (6th Cir. 2009).

Petitioner argues that he has already exhausted this claim by raising it in his Application for

Reopening under Ohio R. App. P. 26(B) and then appealing to the Ohio Supreme Court from denial of reopening. This Court disagrees. Because claims of ineffective assistance of appellate counsel are based on an analytically distinct legal theory from the underlying claims, the 26(B) application does not preserve the underlying claims from default, nor does it exhaust the direct appeal remedy if the case is not reopened. *Davie v. Mitchell,* 547 F.3d 297 (6th Cir. 2008)(Rogers, J.), and *Garner v. Mitchell,* 502 F. 3d 394 (6th Cir. 2007)(Moore, J.), both citing *White v. Mitchell,* 431 F.3d 517, 526 (6th Cir. 2005); *Moore v. Mitchell,* 531 F. Supp. 2d 845, 862 (S.D. Ohio 2008)(Dlott, J.); see also *Bailey v. Nagle,* 172 F.3d 1299, 1309 n. 8 (11th Cir. 1999); and *Levasseur v.Pepe*, 70 F.3d 187, 191-92 (1st Cir. 1995).

In this case the Respondent has not waived exhaustion but also has not briefed the merits of the exhausted claims. To dismiss the case at this stage would be to deny Petitioner a decision on the merits of his exhausted claims because the statute of limitations would probably run before Petitioner could exhaust the delayed appeal remedy and then re-file in this Court. The more equitable approach, which in no way prejudices either Petitioner or Respondent and which respects interests of federal-state comity, is to stay these proceedings and hold them in abeyance pending exhaustion.

Accordingly, it is hereby ORDERED:

1. Petitioner shall file a motion for delayed appeal on his claim that his conviction is supported by insufficient evidence in the Ohio Supreme Court not later than March 1, 2011. Failure to file will be deemed an abandonment of that claim.

2. All further proceedings herein are stayed pending the outcome of Petitioner's motion for delayed appeal. The parties are ordered to keep this Court informed of the status of those

    proceedings.

3.       Respondent's Motion to Dismiss is found to be moot because of the foregoing order.

January 27, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge
