**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

EVERETT JOHNSON,

        Petitioner,                              Case No. 3:10-cv-390

                                            District Judge Walter Herbert Rice
    -vs-                                    Magistrate Judge Michael R. Merz

TIMOTHY BRUNSMAN, Warden,

        Respondent.

---

**REPORT AND RECOMMENDATIONS**

---

This habeas corpus case is before the Court for decision on the merits. After a delay to permit exhaustion of a delayed appeal motion in the Ohio Supreme Court, this Court ordered an answer/return of writ to be filed by Respondent and allowed Petitioner twenty-four days from the filing of the return to file his reply (Doc. No. 12). Respondent filed his Return on May 6, 2011 (Doc. No. 15) which made the reply due by May 30, 2011. As of the date of this Report, Petitioner has not filed a reply and his time to do so has expired. While no reply has been filed, the Court has considered the arguments Petitioner made on his various assignments of error in the Court of Appeals which are in the Brief attached to the Petition.

Johnson was convicted by a jury in the Clark County Common Pleas Court on four counts of rape of a child under the age of thirteen and sentenced to forty years incarceration. His conviction was affirmed on direct appeal, *State v. Johnson*, 2009 Ohio 4123, 2009 Ohio App. LEXIS 3474 (Ohio App. 2nd Dist. Aug. 14, 2009), and the Ohio Supreme Court denied his motion for delayed

appeal. On January 27, 2010, he filed an application for reopening his direct appeal based on allegations of ineffective assistance of appellate counsel, but the court of appeals declined to allow reopening and the Ohio Supreme Court declined to exercise jurisdiction. Johnson then filed his Petition in this Court, raising the following grounds for relief:

> **GROUND ONE:** Petitioner was denied his state and federal constitutional rights to due process, notice and protection against double jeopardy as the offenses were not charged with sufficient specificity.
>
> **Supporting facts:**
>
> Petitioner was charged with sets of identical counts, and with dates too expansive to give Petitioner ample opportunity to prepare and defend himself. As such, it is impossible to determine which alleged act corresponds to which count that Petitioner was convicted.
>
> In its charges, and in its evidence before the jury, the state did not attempt to layout the factual basis of four separate incidents that took place. Instead, the 13-year-old complaining witness, through the use of leading questions, described "typical" abusive behavior by Petitioner and then stated that the "typical" abuse occurred "all the time" over a span of six years. The complaining witness gave no plausible testimony of any specific, detailed criminal act, and outside of the child's estimation, no evidence was presented to connect a specific act with a specific count.
>
> Due to the lack of specificity, or any distinguishing factors in the indictment, as well as the expansive dates, this 'shotgun" method of prosecution left Petitioner without a means of defending himself. It is impossible to connect any act with a specific count as there was no act testified to with any kind of plausibility or specificity. As such, it is impossible for Petitioner to plead a conviction in bar of any future prosecution for the same offense.
>
> **GROUND TWO:** Petitioner was denied his state constitutional right to a grand jury indictment, and his state and federal constitutional rights to notice and due process when his indictment omitted an element of the offense.
>
> **Supporting facts:**

Petitioner was charged with four counts Rape in violation of O.R.C. §2907.02(A)(1)(b). The indictment, however omitted the *actus reus* element, of force, of the charge as stated in subsection (2) of the statute.

In order to be constitutionally sufficient, an indictment must contain the elements of the offense charged and fairly inform the defendant of the charge against which he must defend. As the indictment omitted the element of force, Petitioner was not properly notified of the charges against him. As such, he was denied his constitutional rights to Notice, Equal Protection and Due Process.

**GROUND THREE:** Petitioner was denied his state and federal constitutional rights to due process, a fair trial and the effective assistance of counsel when trial counsel failed to raise a timely objection when the trial court allowed the State to elicit testimony of unindicted other "bad acts" in its effort to obtain a conviction, and when the trial court failed to give a limiting instruction when the testimony was received.

**Supporting facts:**

In an attempt to satisfy its burden of production, the state elicited testimony from the complaining witness as to hundreds of un indicted criminal acts by Petitioner that he was not on trial for, and for which he did not have an opportunity to prepare a defense against.

Petitioner was charged in a four count indictment alleging four specific acts of Rape. However, there was not a single act testified to with any specificity that set a basis for four individual acts. Instead, the state elicited testimony from the complaining witness of "typical" sexual abuse that happened "all the time." Such was the theme of the state's case which effectively put into the minds of the jurors a pattern of abuse that happened "all the time," as opposed to the four specific, separate incidents that Petitioner was indicted for. Further, in its closing arguments, the state told the jury, in essence, to literally guess, from the many alleged incidents, which act Petitioner was guilty of.

Most prejudicial is the fact that no limiting instruction, as required by law, was given when the other 'bad acts' testimony was received.

**GROUND FOUR:** Petitioner was denied his state and federal constitutional rights to due process, a fair trial and the effective

assistance of counsel when trial counsel failed to raise a timely objection to egregious, continuous prosecutorial misconduct during closing arguments, and where the misconduct went uncorrected by judicial intervention.

**Supporting facts:**

In Petitioner's case, the state's "best" evidence was a sheet that police had removed from the complaining witness' bed, where a mixture of DNA was found. The DNA was identified as semen from Petitioner, and a second sample that could possibly have come from either the complaining witness, or from the complaining witness' mother.

The state contended that the only way Petitioner's semen could have gotten on the sheet was if he had raped the complaining witness while lying on the sheet, while the sheet was on her bed.

The state presented evidence that established that the semen had been directly deposited onto the sheet, in a puddle (that was rated as a 4 on a 1 to 4 quantity scale where 4 was the greatest), that had completely permeated and saturated every layer of the thin thread sheet.

Despite the quantity of semen that was "directly" deposited onto the sheet, and the fact that there was another sheet that was always beneath the sheet on which the semen was found, there was no semen, or DNA of any kind found on any of the other bedding that had been removed from the complaining witness' bed.

The child's mother offered the only reasonable explanation for the phenomenon, explaining to the jury how when the child was away visiting, she had removed the sheet from the child's bed and put it on her own bed, while her bedding was being laundered, so her husband could lie down and rest after a long day's work. She testified that while the sheet was on her bed that she and her husband had engaged in sexual intercourse, and that the sheet remained on her bed until the child returned home days later and retrieved the sheet from her mother's bed and put it back on her own bed.

In an attempt to clear up the damage that the child's mother's testimony caused the state's case, the prosecutor, during closing arguments, told the jury on several occasions that the mother was lying, and the child was telling the truth. The prosecutor's comments were egregious and continuous, and was met with no objection from trial counsel, and went uncorrected by judicial intervention.

**GROUND FIVE:** Petitioner was denied his state and federal constitutional rights to due process, a fair trial and the effective assistance of counsel when trial counsel failed to raise a timely objection when the trial court permitted impermissible testimony from the State's medical expert in contra to Evidence Rule 702.

**Supporting facts:**

During Petitioner's trial, the state was permitted to elicit testimony from a medical expert in respect to several unreliable theories relating to victims of sexual abuse, that was impermissible pursuant to Ohio Rules of Evidence, rule 702.

The testimony pertaining to delayed disclosure, grooming, obesity and behavorial [sic] problems of sex abuse victims have consistently been held by Ohio courts as inadmissible as it tends to mislead the jury, and is nothing more than a subtle way to impermissibly bolster the credibility of the victim.

This testimony was irrelevant, as it added nothing to the case. As such, it was prejudicial to Petitioner and the trial Court abused its discretion in al lowing this testimony, and when trial counsel failed to raise a timely objection to the admission of this testimony, he rendered his performance deficient and prejudicial. Combined, these errors worked to deny Petitioner due process and a fair trial.

**GROUND SIX:** Petitioner was denied his state and federal constitutional rights to due process as his convictions for rape are based upon insufficient evidence as a matter of law.

**Supporting facts:**

The evidence and testimony presented by the State against Petitioner was implausible and rife with stark inconsistencies and discrepancies. Only one incident was testified to with any kind of specificity; however, this testimony was inconsistent with the physical evidence submitted by the State.

The state's best evidence was a sheet that was removed from the complaining witness' bed on which was found a DNA sample that matched Petitioner. There was also a minor sample found that, the state established, could have come from the complaining witness. The evidence also established that the minor sample could possibly have come from the complaining witness' mother.

Although the mother was never given a DNA test, due to trial counsel's deficient and prejudicial performance, the evidence found on the sheet was totally consistent with the mother's alibi testimony where she told the jury that the sheet found on the child's bed had been on her own bed; during which time she and her husband had engaged in sexual intercourse, before the sheet was eventually returned to the child's bed.

> As such, the state failed its burden of production and Petitioner's conviction is based upon insufficient evidence as a matter of law.
>
> **GROUND SEVEN:** Petitioner was denied his state and federal constitutional rights to due process as a result of ineffective assistance of counsel when trial counsel failed to raise a timely objection to prosecutorial misconduct when the prosecutor intentionally misstated the evidence during the presentation of evidence and during closing arguments, and where the misconduct went uncorrected by judicial intervention.
>
> **Supporting facts:**
>
> During Petitioner's trial, on several occasions, the prosecutor intentionally violated ADA Standards of conduct, in its effort to meet its burden of production, when he misstated the evidence. His actions were continuous and egregious, and were not objected to by trial counselor otherwise corrected by judicial intervention.
>
> **GROUND EIGHT:** Petitioner was denied his constitutional right to due process and equal protection when the trial court imposed consecutive sentences upon him without review or consideration of, and in contra to Ohio Revised Code § 2929.14.
>
> **Supporting facts:**
>
> In sentencing Petitioner to harsh and disproportionate maximum sentences on four counts of Rape, to be served consecutively, for an aggregate total of 40 years incarceration, the trial court denied Petitioner due process and equal protection when it failed to take into consideration the sentencing guidelines as set forth in O.R.C. §2929.14
>
> Petitioner does not fall into any of the categories that warrants a maximum consecutive sentence. There was no finding by the Court, nothing reflected in the jury verdict, nor anything admitted by Petitioner to justify the harsh disproportionate sentence that he received.

>**GROUND NINE:** Petitioner was denied his constitutional right to due process where the cumulative effect of the errors committed by the trial court, the prosecutor and trial and appellate counsels combined to deny Petitioner due process as guaranteed by the Ohio and United States Constitutions.
>
>**Supporting facts:**
>
>As each of the previously discussed Grounds warrants habeas relief, when reviewing, de novo, the entire case in perspective, it is clear that the combination of all of the errors made in this case worked to deny Petitioner his constitutional rights to Notice, a Grand Jury Indictment, Due Process and Effective Assistance of Counsel.

(Petition, Doc. No. 3.)

**Analysis**

**Ground One**

In his first ground for relief, Johnson claims the Indictment was deficient because it did not give him adequate notice of the charges against him to both allow him to prepare a defense and to plead protection of the Double Jeopardy Clause if prosecuted again for rape occurring during the same period of time. Johnson did not raise this claim in the Common Pleas Court, nor did he raise it on direct appeal. Respondent asserts, therefore, that the claim is procedurally defaulted.

The procedural default defense in habeas corpus is described by the Supreme Court as follows:

>In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice

> as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones,* 238 F. 3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional right he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107 (1982). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle v. Isaac*, 456 U.S. 107 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia,* 372 U.S. 391 (1963).

Failure to raise a constitutional issue at all on direct appeal is subject to the cause and prejudice standard of *Wainwright v. Sykes*, 433 U. S. 72 (1977). *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Mapes v. Coyle,* 171 F.3d 408, 413 (6th Cir. 1999); *Rust v. Zent,* 17 F.3d 155 (6th Cir. 1994); *Leroy v. Marshall*, 757 F.2d 94 (6th Cir. 1985).

The first time Johnson raised this claim in the state courts was on his application to reopen his direct appeal under Ohio R. App. P. 26(B). Rule 26(B) is a collateral proceeding under Ohio law to obtain relief from ineffective assistance of appellate counsel. *Morgan v. Eads,* 104 Ohio St. 3d 142, 818 N.E. 2d 1157 (2004). The Court of Appeals ruled that it was not ineffective assistance of appellate counsel to fail to raise the claim made in the first ground for relief because

> Precise times and dates are not essential elements of criminal offenses. *State v. Bamecutt* (1988),44 Ohio App.3d 149, 151, citing *State v. Sellards* (1985), 17 Ohio St.3d 169, 171. "In many cases involving child sexual abuse, the victims are children of tender years who are simply unable to remember exact dates and times,

-8-

> particularly where the crimes involve a repeated course of conduct." *State v. Mundy* (1994) 99 Ohio App.3d 275, 296, discretionary appeal not allowed (1995), 72 Ohio St.3d 1420. The problem is compounded when the defendant and the victim live (or frequently visit) in the same household, which often facilitates an extended period of sexual abuse. *State v. McGill* (Dec. 8,2000), Greene App. No. 99CA25, citing *State v. Robinette* (Feb. 27, 1987), Marrow App. No. CA-652.
>
> Therefore, "[a] defendant is not prejudiced by the failure of the indictment to specify the dates and times upon which the charged offenses allegedly occurred if such failure does not impose a material detriment to the preparation of his defense. Where the defendant does not present an alibi defense, where he concedes being alone with the victims of the alleged sex offenses at various times throughout the relevant time frame, and where his defense is that the alleged touchings never happened, the inexactitude of dates or times in the indictment is not prejudicial error." *Bamecutt, supra*, syllabus. Johnson does not explain how the lack of specific dates was materially detrimental to his defense. He did not allege any alibi, and he admitted to being alone with the victim; his defense was that the victim was lying. See, e.g., *Bamecutt*, supra, at 152, *citing Sellards, supra*, at 172; *State v. Gingel* (1982), 7 Ohio App.3d 364, 368.
>
> In regard to the specific facts underlying each count of the indictment, we note that the specific nature of the sexual conduct had no bearing on either the identity or severity of the charges. Therefore, the specific acts were not elements of the offenses and did not need to be included in the indictment. *State v. Shaw*, Montgomery App. No. 21880, 2008-0hio-1317, ¶ 20, *citing State v. Plymale*, Portage App. No. 99-P-0012, 2001-0hio-8892; *Hale v. State* (1898),58 Ohio St. 676, paragraph one of the syllabus. Nevertheless, Johnson requested, and was provided with, a bill of particulars. The bill advised Johnson of the two addresses at which the counts occurred and the specific acts that constituted the four rapes: vaginal rape, cunnilingus, fellatio, and anal rape. Furthermore, during the trial court's charge to the jury, the court differentiated the counts according to the specific sexual conduct involved.

*State v. Johnson,* Case No. 08-CA-34 (Ohio App. 2nd Dist. Apr. 15. 2010)(copy at Ex. 14 to Doc.

No. 7.) This decision is not inconsistent with federal law. In *Valentine v. Konteh*, 395 F.3d 626 (6th

Cir. 2005), the Sixth Circuit explained

-9-

> This Court and numerous others have found that fairly large time windows in the context of child abuse prosecutions are not in conflict with constitutional notice requirements. See *Isaac v. Grider*, 211 F.3d 1269, 2000 WL 571959 at *5 (four months); *Madden v. Tate*, 830 F.2d 194, 1987 WL 44909, at *1-*3 (6th Cir. 1987) (six months); see also *Fawcett v. Bablitch*, 962 F.2d 617, 618-19 (7th Cir. 1992) (six months); *Hunter v. New Mexico*, 916 F.2d 595, 600 (10th Cir. 1990) (three years); *Parks v. Hargett,* 1999 U.S. App. LEXIS 5133, 1999 WL 157431, at *4 (10th Cir. 1999)(seventeen months). Certainly, prosecutors should be as specific as possible in delineating the dates and times of abuse offenses, but we must acknowledge the reality of situations where young child victims are involved.

*Valentine*, 395 F.3d at 632. Here the prosecution specified in the bill of particulars that the charges involved rape by four different sexual acts, so that the counts of the indictment were not insufficiently distinguished.

Since the Ohio Court of Appeals decision is consistent with federal law in finding the indictment sufficient, its decision that it was not ineffective assistance of appellate counsel to fail to raise this claim on direct appeal is entitled to deference from this Court under 28 U.S.C. § 2254(d)(1). Because Petitioner has not shown ineffective assistance of appellate counsel sufficient to excuse failure to raise this claim on direct appeal, the claim is procedurally defaulted and should be dismissed with prejudice.

**Ground Two**

In Ground Two Johnson claims he was denied his state constitutional right to indictment and his federal constitutional rights to notice of the charges against him and due process because the required element of force.

Petitioner's claim under the Ohio Constitution does not state a claim which this Court can decide in federal habeas corpus. Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. §2254(a); *Wilson v. Corcoran,* 562 U.S. ___, 131 S. Ct. 13; 178 L. Ed. 2d 276 (2010); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). Failure to abide by state law is not itself a constitutional violation. *Roberts v. City of Troy*, 773 F.2d 720 (6th Cir. 1985). Violation by a State of its own procedural rules does not necessarily constitute a violation of due process. *Bates v. Sponberg*, 547 F.2d 325 (6th Cir. 1976); *Ryan v. Aurora City Bd. of Educ.*, 540 F.2d 222, 228 (6th Cir. 1976). "A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result on the constitutionalizing of every state rule, and would not be administrable." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir.1993).

As a matter of federal constitutional law, however, every element of a crime must be included in the charging instrument and proven beyond a reasonable doubt to the jury. *Apprendi v. New Jersey*, 530 U.S. 466 (2000). However, it is state law which determines what the elements of a crime are. *In re Winship*, 397 U.S. 358 (1970). A federal court is bound by decisions of the state courts on what constitute the elements of an offense. Federal courts normally treat decisions of state courts of appeals on issues of state law as authoritative absent a strong showing that the state's highest court would decide the issue differently. *Vroman v. Brigano*, 346 F.3d 598 (6th Cir. 2003)*; Puckett v. Tennesse Eastman Co.*, 889 F.2d 1481, 1485 (6th Cir. 1989); *Maseda v. Honda Motor Co., Ltd.,* 861 F.2d 1248, 1256 n.14 (11th Cir. 1988); *Tippecanoe Beverages v. S.A. El Aguila Brewing Co.*, 833 F.2d 633, 638-39 (7th Cir. 1987). *Laundree v. AMCA*, 908 F.2d 43 (6th Cir. 1990).

In this case the Court of Appeals expressly held that no mens rea element was necessary because rape of a child under thirteen is a strict liability offense in Ohio.

> Johnson also maintains that the indictment was flawed because the mens rea was omitted. However, an indictment for rape of a child under thirteen "is not defective for its failure to include the mens rea element··· because rape of a child under 13 is a strict liability offense." *State v. Guthrie*, Greene App. No. 08-CA-88, 2009-Ohio-4586, ¶ 10, *citing State v. O'Dell,* Montgomery App. No. 22691, 2009-Ohio-1040.

*State v. Johnson,* Case No. 08-CA-34 (Ohio App. 2nd Dist. Apr. 15. 2010)(copy at Ex. 14 to Doc. No. 7.)  To the extent Johnson is attempting to claim here that the indictment did not charge the requisite mens rea element, the Court of Appeals decision is conclusive.  To the extent he is arguing the absence of a different element – the *actus reus* element of force – he is precluded from raising that claim here for the first time when that was not the claim he placed before the Ohio Court of Appeals.  Even if he had made this argument to the Court of Appeals, it would have been unavailing, because the element of force in Ohio Revised Code § 2907.02(A)(2) is not required for conviction under Ohio Revised Code § 2907.02(A)(1)(b); all that is required is proof of sexual conduct with another (not the spouse) under the age of thirteen.

Ground Two is also without merit and should be dismissed with prejudice.  It is procedurally defaulted on the same basis as Ground One.

### Ground Three

In Ground Three, Johnson claims he was denied his due process rights and received ineffective assistance of trial counsel when trial counsel failed to object to the admission of other

"bad acts" evidence and the trial court failed to intervene *sua sponte* to prevent their admission.

Here again the Respondent asserts procedural default and the record shows the first time Johnson raised this claim was in his Ohio App. R. 26(B) application for reopening. The Court of Appeals held there was no ineffective assistance of appellate counsel because the evidence was not objectionable other bad acts evidence, but

> evidence of the crimes with which Johnson was charged. The fact that the State chose to indict Johnson on only one count for each type of rape does not foreclose the State from introducing evidence of the ongoing nature of the sexual abuse.

*State v. Johnson,* Case No. 08-CA-34 (Ohio App. 2nd Dist. Apr. 15. 2010)(copy at Ex. 14 to Doc. No. 7, PageID 269). Johnson suggests no federal constitutional law to the contrary. "There is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence." *Bugh v. Mitchell,* 329 F.3d 496, 512 (6th Cir. 2003). The third ground for relief is also barred by procedural default.

**Grounds Four and Seven**

In his fourth and seventh grounds for relief, Johnson complains of prosecutorial misconduct and of his trial attorney's failure to object to it. Here again Johnson raised these claims for the first time on his application for reopening. The Court of Appeals held:

> In his fourth and seventh proposed assignments of error, Johnson claims prosecutorial misconduct. He contends that the State asked the jury to convict him based only upon the presence of his semen on the victim's sheets, and he implies that the prosecutor is not permitted to use any form of the word "credible" in his summation. He further maintains that the State misstated evidence during its closing argument.

> "The test for prosecutorial misconduct during closing argument is whether the remarks were improper and, if so, whether the prejudicially affected the accused's substantial rights. *State v. Smith* (1984), 14 Ohio St.3d 13, 14· •• To determine prejudice, the record must be reviewed in its entirety. *State v. Lott*(1990), 51 Ohio St.3d 160, 166." When making closing arguments, the State is entitled to significant latitude. See, e.g., *State v. Diar,* 120 Ohio St.3d 460, 2008-0hio-6266, 1190. The prosecutor may comment on '"what the evidence has shown and what reasonable inferences may be drawn therefrom.'" *Id., quoting Lott, supra*, at 165, in turn quoting *State v. Stephens* (1970), 24 Ohio St.2d 76, 82. We conclude that none of the State's comments of which Johnson complains warranted an objection by trial counsel. Therefore, we cannot fault appellate counsel for electing not to raise ineffective assistance of trial counsel claims based on prosecutorial misconduct.

*State v. Johnson,* Case No. 08-CA-34 (Ohio App. 2nd Dist. Apr. 15. 2010)(copy at Ex. 14 to Doc. No. 7, PageID 269-270).  Johnson points to no way in which this decision of the Court of Appeals is an unreasonable application either of United States Supreme Court law on prosecutorial misconduct or on ineffective assistance of appellate counsel.  His fourth and seventh grounds for relief are therefore procedurally defaulted and should be dismissed with prejudice.

**Ground Five**

In his fifth ground for relief, Johnson claims he received ineffective assistance of trial counsel  when his attorney failed to object to purported expert medical testimony which was inadmissible under Ohio R. Evid. 702.  In denying reopening, the court of appeals found that this testimony was  admissible because it was offered from an appropriate expert and was outside the competence of the average juror. *State v. Johnson,* Case No. 08-CA-34 (Ohio App. 2nd Dist. Apr. 15. 2010)(copy at Ex. 14 to Doc. No. 7, PageID 269).  Because the evidence was admissible, it was

-14-

not ineffective assistance of trial counsel to fail to object nor ineffective assistance of appellate counsel to fail to raise the claim on direct appeal. Therefore the claim is procedurally defaulted and should be dismissed on that basis.

## Ground Six

In Ground Six Petitioner asserts his conviction rests on insufficient evidence. This claim was the sole assignment of error raised on direct appeal. Having summarized the evidence in detail in a ten-page opinion, the court of appeals found it was sufficient. *State v. Johnson*, 2009 Ohio 4123, 2009 Ohio App. LEXIS 3474 (Ohio App. 2nd Dist. Aug. 14, 2009). Having reviewed that opinion, this Court finds that the Court of Appeals applied the same standard as is required by the Fourteenth Amendment

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*Id.* at ¶ 19, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991). That is the same standard required by *Jackson v. Virginia*, 443 U.S. 307 (1979). Moreover, the court of appeals decision is neither contrary to nor an objectively unreasonable application of *Jackson v. Virginia*. Ground Six should be dismissed with prejudice on the merits.

## Ground Eight

In Ground Eight Johnson asserts he was denied due process and equal protection of the laws when the trial court imposed consecutive sentences on him without considering the factors prescribed in Ohio Revised Code § 2929.14. This claim also was raised for the first time in the 26(B) application for reopening. The court of appeals found the claim was contrary to fact in that the sentencing judge specifically recited in the sentencing entry that he had considered those factors. *State v. Johnson,* Case No. 08-CA-34 (Ohio App. 2nd Dist. Apr. 15. 2010)(copy at Ex. 14 to Doc. No. 7, PageID 270). Because the judge did consider the factors, it was not ineffective assistance of trial counsel to fail to object and not ineffective assistance of appellate counsel to fail to appeal. Ground Eight is also barred by procedural default.

### Ground Nine

In his ninth ground for relief, Johnson claims that the cumulative effect of the errors committed by all the actors in his state case deprived him of due process. This Court has found no error to be accumulated, but in any event , cumulative error is not a basis for granting habeas relief in non-capital cases. *Eskrdige v. Konteh*, 88 F. App'x 831, 836 (6th Cir. 2004).

### Conclusion

On the basis of the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied leave to appeal *in forma pauperis* and any requested certificate of

appealability.

June 10, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).